UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEAN S. PREWITT,

        Plaintiff,

v.

**DECISION & ORDER**
05-CV-725S(F)

WOLPOFF & ABRAMSON, LLP,

        Defendant.

## I. INTRODUCTION

In this case, Plaintiff Sean Prewitt alleges that Defendant Wolpoff and Abramson, LLP, engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"). Currently before this Court is Defendant's Motion to Dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and/or for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

**A.  Facts**

The following facts are undisputed for purposes of the present motion, except where indicated.

Defendant is a law firm that represents institutional consumer lenders and debt purchasers (Def.'s Mem., p. 1). In December of 2003, Plaintiff opened a charge account with Kaufmann's, a department store that is owned by the May Company (Def.'s Rule 56.1 State., ¶ 1). On or about March 28, 2005, Plaintiff's delinquent charge account was

1

referred to Defendant for collection of Plaintiff's debt of $283.17 (Id. at ¶ 4, Pl.'s Mem., p. 7).

During the six-month period between April 4, 2005 and October 3, 2005, Defendant made frequent[1] telephone calls to Plaintiff's residence (Def.'s Rule 56.1 State., ¶ 9).  On September 14, 2005, Plaintiff contacted Defendant and advised it that due to financial constraints he could not afford to pay the debt.  (Id. at ¶¶ 11-14).  Plaintiff did not demand, however, that Defendant cease calling him.  (Id. at ¶ 15).

During the September 14, 2004 conversation, Defendant told Plaintiff that Defendant would continue to call him "so it will stand up in court," and advised him that its attorneys would review his file for "further action."  (Pl.'s Aff., ¶ 8).  Defendant "accepts the possibility" that these statements were made, and does not deny that they would constitute a threat of legal action (Def.'s Mem., pp. 7-8).

**B.   Procedural History**

Plaintiff commenced this action on October 13, 2005, by filing a Complaint in the United States District Court for the Western District of New York.  The Complaint asserts that Defendant violated the FDCPA by making multiple phone calls to plaintiff with the intent to harass, and by falsely threatening to file a civil suit against plaintiff.  Defendant filed an Answer on December 13, 2005.  On May 2, 2006, Defendant filed a Motion for

---

[1]There is some dispute as to how frequently Defendant called Plaintiff.  Plaintiff alleges that Defendant called his residence "approximately four times per day" (Comp., ¶ 8).  Defendant maintains that it called Plaintiff approximately one time per day (Def.'s Mem., p. 3).

Judgment on the Pleadings and/or Summary Judgment.[2]  This Court construes Defendant's motion as a motion for summary judgment.  For the following reasons, Defendant's motion is granted in part and denied in part.

## III. DISCUSSION

### A.     Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law." Id.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the

---

[2]In support of this motion, Defendant filed a Memorandum of Law, a Statement pursuant to Local Rule 56.1, an Affidavit by Ronald M. Abramson, with numerous exhibits, and a Sur-Reply Memorandum of Law.  Plaintiff filed a Memorandum of Law, a Statement pursuant to Local Rule 56.1, and an Affidavit by Plaintiff in opposition to Defendant's Motion.

motion." Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**B.    Defendant's Motion**

Plaintiff alleges two violations of the FDCPA.  First, Plaintiff contends that Defendant made multiple phone calls with the intent to harass in violation of 15 U.S.C. § 1692d(5).  Second, Plaintiff contends that Defendant falsely represented that it was authorized to commence a civil suit against Plaintiff and intended to do so in violation of 15 U.S.C. § 1692e(5) and (10).  Defendant moved for summary judgment contending that its conduct did not violate the FDCPA and that there is no genuine issue of material fact.

**1.    Harassment Claim**

The FDCPA is a consumer protection statute enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 85 (2d Cir. 2003) (quoting 15 U.S.C. § 1692(e)).  In the present case, Plaintiff alleges that Defendant's conduct violated the FDCPA by "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

The record reflects that there is a genuine issue of material fact as to how frequently Defendant called Plaintiff's residence. For example, Plaintiff alleges that Defendant called his residence approximately four times per day during the time period between July and September of 2005 (Comp., ¶ 8). Defendant asserts that it contacted Plaintiff approximately once per day over a 200-day period. (Def.'s Sur-Reply, p. 2).[3] Defendant admits that "on most days" it made one or two attempts to contact Plaintiff, and that on two occasions, it made three attempts separated by several hours. (Def.'s Mem., pp. 6-7). However, because Plaintiff never answered the calls, Defendant assumed that he was not at home (Abramson Aff., ¶ 14). Plaintiff states that he recognized Defendant's telephone number on his caller ID, and would either not answer or pick up the phone and hang up whenever Defendant called (Pl.'s Aff., ¶ 3).

Although Plaintiff did not instruct Defendant to cease calling him, on September 14, 2005 he told Defendant that he could not pay the debt due to financial constraints. Nevertheless, according to Defendant's call records, Defendant continued calling Plaintiff approximately once each day (Abramson Aff., Ex. E).

"Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Joseph v. J.J. Mac Intyre Companies, LLC., 238 F. Supp. 2d 1158, 1168 (N.D.Cal. 2002). In Joseph, the court found an issue of fact as to whether the defendant "harassed" plaintiff within the meaning of the FDCPA by placing 200 phone calls to him in a 19-month period. Id. at 1168. Similarly, in Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492 (D.Md. 2004), the court found that

---

[3] Defendant's records, which Plaintiff challenges as inaccurate, indicate that Defendant called Plaintiff at least once, almost every day, from April 4, 2005 to October 30, 2005 (Defendant's Exhibit E).

it was a question of fact for the jury whether the defendant's 26 to 28 calls to plaintiff in a two-month period, including three calls within a five-hour period on the same day, constituted harassment under the FDCPA.  Id. at 506, n.9; see also Kuhn v. Account Control Tech., Inc., 865 F. Supp. 1443, 1452-53 (D.Nev.1994) (finding that six phone calls in a span of 24 minutes constituted harassment in violation of the FDCPA).

Viewing the evidence in the light most favorable to Plaintiff, as it must, this Court finds that there is a genuine issue of material fact as to the number and pattern of phone calls Defendant made to Plaintiff, and whether Defendant's repeated phone calls to Plaintiff demonstrate an intent to "annoy, abuse, or harass."  15 U.S.C. § 1692d(5).

Plaintiff alleges that Defendant called his residence as often as four times per day, every day, for a six-month period, and continued to call after Plaintiff indicated that he could not pay the debt.  Although Plaintiff did not explicitly demand that Defendant cease calling him, he did indicate to Defendant that he was unable to pay the debt.  The frequency of calls following this conversation could demonstrate to a jury that Defendant acted with "[an] intent to annoy, abuse, or harass" Plaintiff in violation of 15 U.S.C. § 1692d(5). Furthermore, although Defendant did not speak with Plaintiff or leave messages when Plaintiff did not answer, the statute explicitly pertains to the act of "[c]ausing a telephone to ring," and provides that this act alone, when done with the "intent to annoy, abuse, or harass" is a violation of 15 U.S.C. § 1692d(5).

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's harassment claim must be denied.

### 2. Threat of Suit Claim

As previously noted herein, Plaintiff alleges that Defendant violated 15 U.S.C. §

1692e(5) and (10) by falsely representing that it was authorized to file a civil action against Plaintiff and that it intended to do so.

The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," specifically "(5) [t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "(10) [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(5) and (10).

"If a threatened step such as initiating a lawsuit is both legal and plausible, it would defy common sense to determine, absent special circumstances . . . that it is actionable under the [FDCPA] because [the suit is] 'not intended' to be taken." Sluys v. Hand, 831 F. Supp. 321, 327 (S.D.N.Y. 1993). "The fact that all options may not actually be used by the debt collector does not render the 'threat' [of civil suit] deceptive misleading or false." Spira v. Ashwood Fin., Inc., 371 F. Supp. 2d 232, 238 (E.D.N.Y., 2005). Even where a creditor has not pursued legal action for a "small debt" in the past:

> the debt collector may have decided in this particular case to, for example, change its practice of not instituting lawsuits to collect debts under a certain amount for very valid reasons, including to set a precedent that it will file suit against debtors even where the debts are of an amount less than, for example, thirty dollars.

Spira, 371 F.Supp.2d at 238.

In the present case, Defendant has submitted a sworn statement from the May Company indicating that Defendant was authorized to file a law suit for small debts such as Plaintiff's debt for $283.17 (Abramson Aff., Ex. D, ¶ 5). Defendant notes that such a suit is practical where Plaintiff resides in the jurisdiction of the Buffalo City Court and the total

cost of a lawsuit can be held below $75.00 (Def.'s Mem., p.1 n.1). Because Defendant had blanket authority from the May Company to pursue legal action regardless of the balance due, a civil lawsuit was among the options available to Defendant at the time of the alleged threat. See Spira, 371 F. Supp. 2d at 238. The relatively small balance of Plaintiff's debt does not preclude Defendant from filing a civil suit against Plaintiff for debt collection. See Id. This Court finds, therefore, that there is no genuine issue of material fact as to whether Defendant had the authority to commence a civil lawsuit against Plaintiff or whether it intended to file suit against him at the time of the alleged threat. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's threat of suit claim is granted.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Defendant is not entitled to summary judgment on Plaintiff's claim for harassment under 15 U.S.C. § 1692d(5), because there is a genuine issue of fact as to the number and frequency of phone calls and whether those call were intended to annoy, abuse, or harass Plaintiff. However, Defendant is entitled to summary judgment on Plaintiff's claim for a false threat of suit under 15 U.S.C. § 1692e(5) and (10), because Defendant was authorized and prepared to file such a suit.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion for Summary Judgment and/or Judgment on the Pleadings (Docket No. 9) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

SO ORDERED.

Dated:   March 10, 2007
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge